IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAUL CHRISTOPHER JOHNSON,

      Plaintiff,

v.            CIVIL ACTION NO. 2:19-cv-00342

PARKERSBURG POLICE DEPARTMENT,
et al.,

      Defendants.


**PROPOSED FINDINGS & RECOMMENDATION**

  This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 9.)  Before this Court is the motion for summary judgment or alternative motion to dismiss filed by Defendants Parkersburg Police Department, William G. Collins, Gregory D. Nangle, T.P. Wolfe, J.M. Stalnaker, and Mike Bosley (collectively, "Defendants").  (ECF No. 31.)  For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Defendants' motion be construed as a motion to dismiss and that it be **GRANTED**.

       *I.*  *BACKGROUND*

  Plaintiff Paul Christopher Johnson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by using excessive force against him during an encounter and failing to provide medical assistance, causing "permanent physical disability."  (ECF No. 1 at 7–8.)  Specifically, Plaintiff

avers that on July 15, 2014, "Defendants attempted to execute a warrant on [Plaintiff] without identifying themselves as officers because they were in plain-clothes and unmarked vehicles." (ECF No. 1-1 at 4.) According to Plaintiff, he believed he was being robbed, so he "fled the scene in his SUV." (*Id.*) He alleges that "moments later," Defendants, "with the assistance of marked patrol cars," "trapped [his] vehicle" at an intersection and "ordered him out of the SUV." (*Id.*)

Plaintiff further alleges that while complying with Defendants' directive, he "had removed his firearm, but before he could surrender his firearm and himself, he was gunned down by [Defendants]" without ever discharging the firearm. (*Id.*) Plaintiff avers that he suffered gunshot wounds to his face, neck, right hip, and back. (ECF No. 1 at 9.) He alleges that "as he lay bleeding in the street," Defendants photographed him but did not offer medical assistance "or even check[] if [he] was dead or alive." (ECF No. 1-1 at 4–5.) According to Plaintiff, "after some time" Defendants "tried to cover [his] body with a blanket, as if [he were] dead but Plaintiff was alive." (*Id.* at 5.) Plaintiff avers that "medical assistance was summoned," but not before he suffered "injuries [that] have caused him to be permanently disabled." (*Id.*) He seeks $10 million in compensatory damages and $50 million in punitive damages. (*Id.* at 8.)

Defendants filed their motion for summary judgment or alternative motion to dismiss and memorandum in support on January 24, 2020. (ECF Nos. 31, 32.) Thereafter, the undersigned entered an Order and Notice informing Plaintiff of his right to respond to the motion and his obligation, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), to provide evidence supporting his response, as well as notifying him that a failure to respond could result in the entry of summary judgment in Defendants' favor. (ECF No. 33.) In response, Plaintiff mailed a second copy of the response he filed

2

in opposition to Defendants' answer. (ECF No. 35; *see* ECF No. 30.) Defendants then filed a reply. (ECF No. 36.) Plaintiff filed a sur-reply. (ECF No. 38.) As such, Defendants' motion is fully briefed and ready for resolution.

## II. LEGAL STANDARD

Defendants style their motion as one for summary judgment, or in the alternative, to dismiss Plaintiff's complaint. (ECF No. 31.) Because this Court need not consider facts outside the complaint to rule on Defendants' motion, the undersigned construes the motion as a motion to dismiss. *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) ("A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the 'face of the complaint includes all necessary facts for the defense to prevail.'" (quoting *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850–51 (4th Cir. 2016))); *see* Fed. R. Civ. P 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The "complaint" includes all its attachments. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief

3

that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. ANALYSIS

Among other arguments that need not be considered by this Court, Defendants contend that this action is time-barred because it was filed after the two-year limitations

4

period expired.  (ECF No. 32 at 5–6.)  The applicable statute of limitation for an action brought pursuant to 42 U.S.C. § 1983 is borrowed from the limitations period governing claims for personal injury in the state where the events alleged in the complaint occurred." *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).  In West Virginia, the statute of limitation for personal injury actions is two years.  W. Va. Code § 55-2-12(b).  This limitations period begins to run "when the plaintiff knows or has reason to know of his injury."  *Owens*, 767 F.3d at 389.

Here, Plaintiff alleges that he was injured by Defendants' use of excessive force and failure to seek medical treatment on July 15, 2014.  (ECF No. 1-1 at 4.)  Any § 1983 action stemming from that incident should have been filed on or before July 15, 2016. *Owens*, 767 F.3d at 388; W. Va. Code § 55-2-12(b).  But this suit was not filed until nearly three years after that date, on April 29, 2019.  (ECF No. 1.)  As such, the undersigned **FINDS** that Plaintiff's claims are time-barred.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' motion (ECF No. 31) be construed as a motion to dismiss and that it be **GRANTED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension

of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Copenhaver.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: June 10, 2020

Dwane L. Tinsley
United States Magistrate Judge